UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CASTULO CORTES | No. 19 CR 849-2<br><br><br>Judge Charles R. Norgle, Sr. |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the reasons that follow, the government believes a sentence of 46 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

**I.  Preliminary Advisory Sentencing Guidelines Calculation**

The government agrees with the criminal-history and offense-level calculations set forth in the Presentence Investigation Report submitted by the United States Probation Office. The defendant's total offense level is 23 and his criminal history category is I, resulting in an advisory Guidelines range of 46 to 57 months' imprisonment.

**II.  The Defendant Should Receive a Sentence of 46 Months in Prison**

A sentence of 46 months' imprisonment is sufficient, but not great than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offense

On January 22 and 23, 2018, defendant acted as a drug courier at the behest of an individual located in Mexico. Defendant possessed three kilograms of drugs, one of which he successfully delivered to a person on January 22nd. The next day, defendant attempted to deliver the remaining two kilograms—again, at the direction of the Mexico-based individual—but he was stopped by police on the way. In total, defendant was supposed to receive $5,000 for these deliveries. The kilograms defendant possessed when arrested contained heroin.

### B. History and Characteristics

Although defendant grew up poor, he did not experience any abuse or neglect and there was no history of substance abuse within his immediate family. Defendant has apparently always been a good provider and has always financially supported his children. Defendant has worked steadily and has generated good income. Unlike some defendants who come before this Court, defendant apparently had no financial need to commit this offense.

### C. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

This is a serious offense and defendant's sentence should reflect that. Heroin is a dangerous drug that destroys lives and communities. Defendant sought to profit from that misery. What's more, although defendant acted only as a courier, it is couriers like defendant that allow individuals based in Mexico—like the person

defendant dealt with in this case—to cause harm in communities in this country while remaining at a distance.

### III. Terms of Supervised Release

The government recommends a term of supervised release of three years, and agrees with the conditions recommended by Probation. The mandatory conditions would serve to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation. The following conditions would serve to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes: Discretionary Conditions 14, 15, 16, 17, and 18, and Special Condition 11. The following conditions would support the defendant's rehabilitation and reentry into the community and would help ensure that the defendant is engaged in lawful pursuits: Discretionary Conditions 4, 6, 7, and 8, and Special Condition 3.

### VI. Fine

The government does not seek imposition of a fine.

Dated: April 14, 2022          Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    /s/ *Andrew C. Erskine*
ANDREW C. ERSKINE
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604

(312) 353-1875

4